IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDRE HALL,

    Petitioner,                         No. CIV S-09-3216 JAM CHS P

    vs.

GARY SWARTHOUT, Warden,

    Respondent.              FINDINGS AND RECOMMENDATIONS

_____/

## I. INTRODUCTION

Petitioner Hall, a state prisoner, proceeds pro se with an amended petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. Petitioner presents a single claim for relief challenging the November 20, 2008 decision of the Board of Parole Hearings that he was not suitable for parole. Based on a thorough review of the record and applicable law, it is recommended that the petition be denied.[1]

## II. BACKGROUND

In 1990, petitioner was convicted of second degree murder with use of a firearm and sentenced to a prison term of 17 years to life. He was received in state prison on January 19,

---

[1] These findings and recommendations supercede the October 4, 2010 findings and recommendations, which were vacated on January 27, 2011.

1

1991.  His minimum eligible parole date passed on February 6, 2001.  On November 20, 2008, the Board of Parole Hearings ("Board") conducted a hearing to determine whether petitioner was suitable to be released on parole.  A panel of the Board concluded that petitioner still posed an unreasonable risk of danger to the public, and thus that he was not suitable for parole.

Petitioner challenged the Board's denial of parole as a violation of due process in a petition for writ of habeas corpus to the Los Angeles County Superior Court; his claim was denied in a written decision dated May 13, 2009.  The California Court of Appeal, Second District, and the California Supreme Court likewise denied relief, but without written opinions.

### III.  APPLICABLE LAW FOR FEDERAL HABEAS CORPUS

An application for writ of habeas corpus by a person in custody under judgment of a state court can be granted only for violations of the Constitution or laws of the United States.  28 U.S.C. §2254(a); *see also Peltier v. Wright*, 15 F.3d 860, 861 (9th Cir. 1993); *Middleton v. Cupp*, 768 F.2d 1083, 1085 (9th Cir. 1985) (*citing Engle v. Isaac*, 456 U.S. 107, 119 (1982)). Additionally, this petition for writ of habeas corpus was filed after the effective date of, and thus is subject to, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  *Lindh v. Murphy*, 521 U.S. 320, 326 (1997); *see also Weaver v. Thompson*, 197 F.3d 359 (9th Cir. 1999). Under AEDPA, federal habeas corpus relief is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see also Penry v. Johnson*, 532 U.S. 782, 792-93 (2001); *Williams v. Taylor*, 529 U.S. 362, 402-03 (2000); *Lockhart v. Terhune*, 250 F.3d 1223, 1229 (9th Cir. 2001).

/////

/////

IV.  DISCUSSION

Petitioner claims that "the Board's decision to deny parole was unsupported by any relevant, reliable evidence in the record that petitioner currently poses an unreasonable risk of danger to society and that it was arbitrary because it did not articulate a ration[al] nexus between the factors relied upon an[d] its conclusion [that petitioner was unsuitable], in violation of petitioner's right to due process of law under the Fourteenth Amendment."

The Due Process Clause of the Fourteenth Amendment prohibits state action that deprives a person of life, liberty, or property without due process of law.  A person alleging a due process violation must first demonstrate that he or she was deprived of a protected liberty or property interest, and then show that the procedures attendant upon the deprivation were not constitutionally sufficient.  *Kentucky Dep't. of Corrections v. Thompson*, 490 U.S. 454, 459-60 (1989); *McQuillion v. Duncan*, 306 F.3d 895, 900 (9th Cir. 2002).

A protected liberty interest may arise from either the Due Process Clause itself or from state laws.  *Board of Pardons v. Allen*, 482 U.S. 369, 373 (1987).  The United States Constitution does not, in and of itself, create for prisoners a protected liberty interest in the receipt of a parole date.  *Jago v. Van Curen*, 454 U.S. 14, 17-21 (1981); *Greenholtz v. Inmates of Neb. Penal*, 442 U.S. 1, 7 (1979) (There is "no constitutional or inherent right of a convicted person to be conditionally released before expiration of a valid sentence.").  Where a state's statutory parole scheme uses mandatory language, however, it "'creates a presumption that parole release will be granted' when or unless certain designated findings are made," thereby giving rise to a constitutional liberty interest.  *McQuillion*, 306 F.3d at 901 (*quoting Greenholtz*, 442 U.S. at 12).  California's parole statutes give rise to a liberty interest that is protected by the federal due process clause.  *See, e.g., Pirtle v. Cal. Bd. of Prison Terms*, 611 F.3d 1015, 1020 (9th Cir. 2010) (overruled on other grounds); *see also Swarthout v. Cooke*, No. 10-333, slip op. at 4 (U.S. January 24, 2011) ("the Ninth Circuit held that California law creates a liberty interest in parole[.] While we have no need to review that holding here, it is a reasonable application of our

3

cases.) (citations omitted).

The full panoply of rights afforded a defendant in a criminal proceeding is not constitutionally mandated in the context of a parole proceeding. *See Pedro v. Or. Parole Bd.*, 825 F.2d 1396, 1398-99 (9th Cir. 1987); *see also Swarthout*, slip op. at 4 ("In the context of parole, we have held that the procedures required are minimal.")  The Supreme Court has held that a parole board's procedures are constitutionally adequate if the inmate is given an opportunity to be heard and a decision informing him of the reasons he did not qualify for parole. *Swarthout*, slip op. at 4-5 (citing *Greenholtz*, 442 U.S. at 16).

Additionally, as a matter of *state* law, denial of parole to California inmates must be supported by at least "some evidence" demonstrating future dangerousness. *See, e.g., In re Lawrence*, 44 Cal.4th 1181 (2008); *In re Rosenkrantz*, 29 Cal.4th 616, 651-53 (2002). California's "some evidence" requirement, however, is a substantive requirement that is not protected by the federal due process clause. *Swarthout*, slip op. at 5.  Rather, in the parole suitability context, "the only federal right at issue is procedural." *Id*. at 6.

In this case, the record reflects that petitioner was present at his November 20, 2008 parole suitability hearing, that he participated in the hearing, and that he was provided with the reasons for the Board's decision to deny parole.  As discussed, federal due process requires no more.  Accordingly, petitioner is not entitled to relief for his claim regarding the Board's denial of parole.

## V.  CONCLUSION

For the foregoing reasons, IT IS HEREBY RECOMMENDED that the application for writ of habeas corpus be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned

4

1  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
2  shall be served and filed within seven days after service of the objections.  Failure to file
3  objections within the specified time may waive the right to appeal the District Court's order.
4  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.
5  1991).

6  DATED: February 10, 2011

7  CHARLENE H. SORRENTINO
   UNITED STATES MAGISTRATE JUDGE

5